**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Hugo ROSSI, a/k/a Ugo Rossi,
Defendant-Appellant.**

**No. 385, Docket 28138.**

United States Court of Appeals
Second Circuit.

Argued June 11, 1963.

Decided July 1, 1963.

Benjamin F. Nolan, New York City, for defendant-appellant.

John Paul Reiner, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, on the brief; Roy Babitt, Sp. Asst. U. S. Atty., of counsel), for plaintiff-appellee.

Before MOORE, HAYS and MARSHALL, Circuit Judges.

MARSHALL, Circuit Judge.

This is an appeal by Hugo Rossi, defendant below, from an order of the United States District Court for the Southern District of New York, Metzner, J., vacating and setting aside an order admitting appellant to United States citizenship and cancelling and revoking his certificate of naturalization. The proceeding was brought by the Government pursuant to § 340(a) of the Immigration and Nationality Act of 1952, which authorizes denaturalization when it appears that the certificate of naturalization was "procured by concealment of a material fact or by willful misrepresentation." 8 U.S.C. § 1451(a).

Rossi was born in Palermo, Italy, on December 10, 1901, and arrived in the United States on December 6, 1937, as a stowaway aboard the SS Normandie. In 1941 he completed and signed an Application for Certificate of Identification and an Alien Registration Form. He also applied for the privilege of pre-examination and filed out a General Information Form for the Immigration Service, which contained separate questions as to whether he had ever been arrested abroad or in the United States. The form shows the answer "no" to each. Later, on October 31, 1945, appellant signed a Justice Department form applying for Departure in Lieu of Deportation and/or Pre-examination necessary to apply for an immigration visa from the United States Consul at Montreal, Canada. In

that application it appears that appellant swore that he was not deportable or excludable under the immigration laws by reason of having been "convicted of or admitting the commission of a crime involving moral turpitude." Similar answers were made by appellant on various forms filled out in 1945 and 1946 in the United States, in Montreal, Canada, at Rouses Point, New York upon re-entry to the United States, and in his Application for a Certificate of Arrival and Preliminary Form for Petition for Naturalization. Appellant was admitted to citizenship upon the recommendation of the Naturalization Service on December 6, 1951.

This action seeks to have appellant's certificate of naturalization cancelled and revoked on the ground that appellant had a record of five convictions in Italy, all involving moral turpitude, when he signed and swore to the several forms preliminary to his naturalization in the United States. On this appeal the appellant correctly asserts that the Government in such proceedings has an "unusually heavy burden of proof." The record convinces us that the Government has met that burden and accordingly we affirm the judgment below.

■ There is indeed no question that the Government " 'carries a heavy burden of proof in a proceeding to divest a naturalized citizen of his citizenship.' Costello v. United States, 365 U.S. 265, 269, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961). The evidence justifying divestment must be 'clear, unequivocal, and convincing' and not leave 'the issue * * * in doubt.' Schneiderman v. United States, 320 U.S. 118, 125, 158, 63 S.Ct. 1333, 87 L.Ed. 1796 (1943)." United States v. Oddo, 314 F.2d 115, 116 (2 Cir. 1963). In 1941, appellant filled out and swore to a form which contained the following questions and answers:

"39. Have you ever been arrested for any reason whatever abroad? A. No."

"40. Have you ever been arrested for any reason whatever in the United States? No."

Similar questions and answers appeared on subsequent forms signed and sworn to by appellant. It is admitted that from 1919 to 1929 appellant had in fact been convicted in Italy of five crimes involving moral turpitude.

■ The Government produced the various forms signed and sworn to by appellant and various officers who conducted the several inquiries. These officers testified as to the practice and procedure in conducting the inquiries. Two of these officers testified categorically that they would not have recommended the granting of appellant's petition if he had informed them of his record of convictions in Italy. An examiner testified that he reviewed the entire file of each applicant and noted the preliminary examiner's comments. He also testified that it was his invariable custom to interrogate each applicant anew under oath to satisfy himself that the applicant knew the purport of each question and that the answers were correct. Such evidence was admissible and determinative. United States v. Oddo, 314 F.2d 115 (2 Cir. 1963); see McCormick on Evidence § 162 (1954).

Appellant contends that the Government failed to meet its burden because he did not possess sufficient knowledge of the English language to understand the question of prior arrests. He asserts that the Government must clearly establish "that the question 'were you ever arrested' specifically indicated to defendant that he was being asked about arrests or convictions in Italy prior to his entry into the United States." We are referred to United States v. Profaci, 274 F.2d 289 (2 Cir. 1960), and Cufari v. United States, 217 F.2d 404 (1 Cir. 1954) as controlling here.

In Profaci the only question asked of the applicant was the oral inquiry, "Were you ever arrested?" He replied in the negative. In fact, the applicant had one previous arrest in Italy. This record was held to be insufficient to prove fraud without a showing that the applicant understood the question to include arrests made outside the United States. In Cufari both of the hearing examiners who had interviewed the applicant were dead at

the time of the trial and the Government sought to establish its case by proving the custom and practice of examiners at the time. This proof was held to be insufficient, particularly because the Preliminary Form requiring written answers from the alien was not in use at the time and "inquiry about arrests in the course of the naturalization process was not required either by statute or departmental regulation." 217 F.2d at 409. See United States v. Oddo, 314 F.2d 115, 117 n. 1 (2 Cir. 1963). Neither case is controlling or even persuasive here.

The standard of proof held not to have been met in Profaci and Cufari has been amply met here. In this case, the Government introduced the several forms signed and sworn to by the appellant; in addition, the examiners who questioned the appellant testified as to their procedures in such examinations. For example, the designated examiner who conducted appellant's hearing testified:

"A. As I stated previously, my questions regarding a criminal record, in simple phraseology was something to this effect: 'Have you ever been arrested or convicted of any crime either in this country or in any other country at any time?'

"In this circumstance that was my question addressed to each and every petitioner."

The preliminary examiner testified: "A. The interrogation of the witnesses and of the applicant covered the five-year specifically and as to the arrests the applicant was asked questions to determine if he had ever been arrested.

"Q. Did you ask him such questions as to whether he was arrested in the foreign country he came from? Did you ask him that specifically? A. This is such an important question on all of these cases that particular care was taken by me on all examinations to determine whether or not the applicant had ever been arrested, giving the word 'ever' its broadest connotations.

"Q. You are saying that in every such examination you asked every such applicant whether he was arrested in the foreign country of his origin before he came into the United States; is that right? A. I have just answered that question, sir.

"Q. Answer it again, please. A. My answer was that that question was of such importance that it was my invariable custom to determine with the greatest possible thoroughness as to whether or not the applicant had ever been arrested.

"Q. There were three periods then that I am talking about: Five years before the petition; then the time from five years to the date he came into the country; and then the period in Italy before he came here. My question was whether you covered all three periods separately. A. Not necessarily separately but all three periods were covered."

■ The exhibits and testimony of the Government abundantly support the charge of fraud.

■ However, appellant and the witnesses who had appeared with him at the naturalization hearings testified to his inability to adequately speak or understand English. Indeed, some of the government forms showed the notation "SR WE poorly", meaning that the applicant spoke, read and wrote English poorly. On the other hand the examiners testified that they would not have recommended that the naturalization petition be granted if they considered the applicant's understanding of English to be too poor to comprehend the questions. In exhaustive findings of fact, Judge Metzner resolved this conflict in the testimony against the appellant. We have considered the appraisal of the veracity of the witnesses made by Judge Metzner and have given it that "due regard" required by Rule 52(a) of the Federal Rules of Civil Procedure. Knauer v. United States, 328 U.S. 654, 66 S.Ct. 1304, 90 L.Ed. 1500 (1946); Corrado v. United States, 227 F.2d 780 (6 Cir. 1955), cert. denied, 351 U.S. 925, 76 S.Ct. 781, 100 L.Ed. 1455

(1956). At the same time we do not weight the findings of fact as heavily as we would in other cases of a civil nature. See Schneiderman v. United States, 320 U.S. 118, 125, 63 S.Ct. 1333, 87 L.Ed. 1796 (1943); Cufari v. United States, 217 F. 2d 404, 408 (1 Cir. 1954). The evidence of fraud is overwhelming and we conclude that appellant wilfully concealed material facts, i. e., his criminal record and convictions in Italy. Costello v. United States, 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed. 2d 551 (1961); Knauer v. United States, 328 U.S. 654, 66 S.Ct. 1304, 90 L.Ed. 1500 (1946); United States v. Oddo, 314 F.2d 115 (2 Cir. 1963); Corrado v. United States, 227 F.2d 780 (6 Cir. 1955), cert. denied, 351 U.S. 925, 76 S.Ct. 781, 100 L.Ed. 1455 (1956).

We need not pass upon the Government's request that we also hold that the appellant illegally procured his naturalization because he never had the requisite legal residence in the United States.

The judgment is affirmed.